IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICKLEFFS,               ) | No. C 13-2952 LHK (PR) |
|                                              ) | |
|         Plaintiff,                       ) | ORDER OF SERVICE; |
|                                              ) | DIRECTING DEFENDANT TO |
|   v.                                       ) | FILE DISPOSITIVE MOTION OR |
|                                              ) | NOTICE THAT SUCH MOTION IS |
| VICTOR FRENCH,              ) | UNWARRANTED |
|                                              ) | |
|         Defendant.                   ) | |
|                                              ) | |

  Plaintiff, a California state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff was granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court serves the amended complaint on the named defendant.

**DISCUSSION**

A. <u>Standard of Review</u>

  A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),

---

[1] This action was reassigned to the undersigned judge on May 6, 2014.

1  (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In his amended complaint, plaintiff alleges that he has glaucoma and must take the medication, Latanoprost, at the same time every day. He alleges that if he does not take this medication regularly, pressure will build in his eyes, causing him great pain, blurred vision and a risk of blindness. Plaintiff states that, on December 28, 2011, defendant was dispensing medications to inmates and refused to provide plaintiff with his necessary medication. Instead, defendant screamed at plaintiff, and then banged his hands against plaintiff's cell window repeatedly. Defendant also threatened plaintiff that defendant would "twist [plaintiff's] medication up," and intimated that plaintiff would not longer receive his medication. Plaintiff alleges that he suffered great pain and worsening of his glaucoma as a result of defendant's action. Liberally construed, plaintiff states a cognizable Eighth Amendment deliberate indifference claim for failure to provide adequate medical care.

# CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (docket no. 13), and a copy of this order to **Victor French, RN** at **San Francisco DPH Jail Medical Services** in **San Francisco, CA**.

The clerk of the court shall also mail a courtesy copy of the amended complaint and a copy of this order to the City Attorney's Office, Litigation Department, Fox Plaza, 1390 Market Street, 6th Floor, San Francisco, CA 94102-5408. Additionally, the clerk shall mail a copy of this order to plaintiff.

2. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendant, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, defendant will be required to serve and file an answer within **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3. No later than **ninety (90) days** from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendant no later than **twenty-eight (28) days** from the date defendant's motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

1	5.	Defendant <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

2	6.	The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3	7.	All communications by the plaintiff with the court must be served on defendant or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

4	8.	Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

5	9.	It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 6/3/14

_Lucy H. Koh_
LUCY H. KOH
United States District Judge